Ruffin, C. J.
 

 It seems not to have been disputed that the horse’s eyes were diseased at the time of the sale. That may have been inferred front the opinion of the farrier of the
 
 *48
 
 natural defect of those organs, and from the circumstance, without any particular hurt or subsequent ill-usage proved, they went out in so short a period after the sale.. — ■ -Against that inference the defendant made no objection; but he insisted only, that, “ as to the defendant’s knowledge of the unsoundness, there was no evidence.” Now if to those facts, which were thus taken for granted, be added, that the defendant bred the horse and owned him until he was nine years old, and that the witness stated, that such eyes did not usually go out suddenly, but that “ they would come and go sometime before they entirely failed” — we must say, there is some ground, though it must be admitted to be slight, for the jury to suppose, that during the long use of the horse by the defendant, some of those affections of the eyes had occurred, and, if so, were visible to him. It is true, they might reasonably have judged, that, if the eyes had been actually diseased before the sale, the plaintiff could have proved the fact explicitly, instead of offering a conjecture of the witness on the point; and had the court authority to grant a new trial upon the ground, that the verdict was not warranted by sufficient evidence, we might feel inclined to set this verdict aside. But we have no such power; and we must admit, that the judgment of one skilled in such diseases, who saw the horse at the, sale, and after he became blind, does afford some presumption, that the seller had discovered the defect in the vision during his ownership. The expression “ for some time,” is, indeed, vague ; but it was the duty of the party to ask for an explanation of his meaning from the witness, and the province of the jury to interpret his words.— They do not, necessarily, relate- back beyond the period of the sale ; but they may not have been so intended, and, with the context, and under the finding of the jury, we are now so to understand them. We cannot therefore say, that the case was so entirely destitute of proof of a scienter, as to render it erroneous in his Honor to submit the point to the jury, and must affirm the judgment.
 

 Per Curiam. Judgment affirmed.